# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UBELINO SALINAS-IBARRA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMIE ELLIS,<br><br>    Defendant. | Case No. 17-cv-01137-BLF<br><br>**ORDER RE: MOTIONS *IN LIMINE***<br><br>[Re: ECF 33, 34, 39] |

Plaintiff Ubelino Salinas-Ibarra ("Mr. Salinas-Ibarra") brings this action following an encounter with Santa Clara Police Officer Jamie Ellis ("Officer Ellis") in the early morning hours of Saturday, March 7, 2015, when police responded to a 9-1-1 call regarding an incident involving Mr. Salinas-Ibarra's 22-year-old son, Johnathon Salinas. Mr. Salinas-Ibarra brought suit against Officer Ellis under 42 U.S.C. § 1983 for unlawful detention, unlawful arrest, and use of excessive force. Only the claims for unlawful arrest and excessive force remain after the Court granted in part and denied in part Officer Ellis' motion for summary judgment. ECF 31.

The Court held a pretrial conference on May 17, 2018, at which time it addressed a number of trial issues and heard argument on Officer Ellis' motions *in limine*.[1] As stated on the record, the Court HEREBY ORDERS as follows:

## I. SCHEDULING

Each party is allotted 6 hours of trial time, to include examination and cross-examination of witnesses and the presentation of evidence. Each party will have an additional 15 minutes for opening statements and 45 minutes for closing arguments. Additionally, each party will be allotted 30 minutes for oral voir dire.

---

[1] Mr. Salinas-Ibarra did not file any motions *in limine*.

The parties have filed a joint neutral statement, verdict form, and voir dire questions for the Court to be used at trial. The parties have also submitted questions which the Court has incorporated into a one-page questionnaire to be given to the jury venire on June 1, 2018. The parties shall arrive for jury selection on Friday, June 1, 2018 at 8:30 A.M. The Jury Instructions Conference will take place following jury selection. Opening statements will commence on Monday, June 4, 2018 at 9:00 A.M.

**II.     MOTIONS *IN LIMINE***

For the reasons explained below and on the record at the May 17, 2018, pretrial conference, the motions are decided as follows:

Officer Ellis' Motion *in Limine* No. 1: GRANTED.

Officer Ellis' Motion *in Limine* No. 2: GRANTED.

Officer Ellis' Motion *in Limine* No. 3: GRANTED.

**A.     Officer Ellis' Motion *in Limine* No. 1 to Exclude Other Incidents and Complaints Involving Officer Ellis. GRANTED.**

The defense moves to exclude any evidence relating to prior and subsequent complaints or incidents concerning Officer Ellis, apart from any related to the March 7, 2015 incident in this case. ECF 33. Officer Ellis argues that such evidence is irrelevant and inadmissible, especially in the absence of a claim under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). Therefore, even if an argument could be made in other trials with *Monell* claims that prior incidents or complaints are relevant to showing a "custom or practice," no such argument can be made in this case. ECF 33.

Officer Ellis argues that even if the Court finds such evidence relevant, it should be excluded under Federal Rule of Evidence 403 because it is more prejudicial than probative. Specifically, Officer Ellis argues that admitting this evidence creates a substantial risk that the jury will improperly consider the other complaints and incidents as character evidence, which is inadmissible under Rule 404.

Mr. Salinas-Ibarra does not oppose Officer Ellis' motion. The Court agrees that the evidence concerning other incidents and complaints involving Officer Ellis is not relevant and will

be excluded. Accordingly, the Court GRANTS Officer Ellis' motion *in limine* no. 1. Mr. Salinas Ibarra, his witnesses, and/or attorneys are prohibited from making any and all utterances, statements, evidence, testimony, argument, or mention of any prior or subsequent incidents or complaints involving Officer Ellis.

### B. Officer Ellis' Motion *in Limine* No. 2 to Exclude Reference to the Criminal Complaint against Mr. Salinas-Ibarra Being Dismissed. GRANTED.

Officer Ellis arrested Mr. Salinas-Ibarra for a violation of Penal Code § 148(a)(1), and Mr. Salinas-Ibarra was subsequently charged for that crime by the District Attorney. ECF 26-3. After Mr. Salinas-Ibarra performed 20 hours of community service, the criminal complaint against Mr. Salinas-Ibarra was dismissed. ECF 26-4. Officer Ellis now moves to exclude evidence that the criminal case against Mr. Salinas-Ibarra was ultimately dismissed. ECF 34. Officer Ellis argues that this evidence would be misleading to the jury in its determination of whether there was probable cause to arrest, because Officer Ellis has no control over the District Attorney's decision to prosecute and dismiss the criminal case against Mr. Salinas-Ibarra. Officer Ellis argues that dismissal of the criminal complaint is not relevant under Rule 401, and any marginal relevance that may exist is outweighed by the substantial risk of prejudice under Rule 403.

Mr. Salinas-Ibarra opposes the motion to exclude reference to dismissal of the criminal complaint. ECF 40. He argues that the probative value of this evidence outweighs the risk of prejudice because without it, the jury will be left to wonder what happened after the arrest. *Id.* Moreover, Mr. Salinas-Ibarra argues that the evidence is relevant to damages, because the subsequent prosecution for the § 148 contributed to his pain and suffering. *Id.*

The Court finds that evidence of the dismissal of the criminal complaint is not relevant to the issue of liability. With respect to damages, Mr. Salinas-Ibarra does not offer any case authority to support his argument that the evidence is relevant to recoverable damages for the unlawful arrest. Even if the evidence had any probative value on damages, that value would be substantially outweighed by the risk of prejudice under Rule 403, and could open up the trial to time consuming testimony regarding the District Attorney's prosecuting authority and the circumstances surrounding the community service that Mr. Salinas-Ibarra performed. The Court

1  also finds that prosecution for § 148—a misdemeanor—stems from Mr. Salinas-Ibarra's conduct and not from the arrest at issue in this case, as he could have been cited and prosecuted even without an official arrest.

For the foregoing reasons, and for the reasons stated on the record, the Court GRANTS Officer Ellis' motion *in limine* no. 2 and will exclude evidence related to the criminal complaint and its dismissal under Rule 403.

### C. Officer Ellis' Motion *in Limine* No. 3 to Preclude Cross-Examination of Defense Expert Witness Robert Fonzi's Opinions in Other Cases of Shootings of Unarmed Suspects. GRANTED.

At trial, Officer Ellis intends to call police practices expert Robert Fonzi as a witness. Officer Ellis moves *in limine* to preclude cross-examination on Mr. Fonzi's opinions in other cases involving police shootings of unarmed suspects. ECF 39. Officer Ellis argues that given the amount of force at issue in this case, questioning Mr. Fonzi on his work in police shooting cases involving suspects who turned out to be unarmed has little to no relevance in this case. *Id*. Officer Ellis argues that even if the evidence were relevant, it would be highly prejudicial, and should be excluded pursuant to Rule 403. Officer Ellis concedes that counsel for Mr. Salinas-Ibarra is entitled to significant latitude on cross-examination of a retained witness regarding bias issues, but moves to exclude questioning Mr. Fonzi about his opinions on this particularly inflammatory topic.

Mr. Salinas-Ibarra does not oppose Officer Ellis' motion. The Court agrees that evidence of Mr. Fonzi's opinions in police shooting cases involving unarmed suspects is highly prejudicial with little to no probative value. Accordingly, the Court GRANTS Officer Ellis' motion *in limine* to preclude cross-examination of Mr. Fonzi on this topic. As the Court clarified at the hearing, Officer Ellis' motion is GRANTED as asked in its narrow form, and this ruling does not otherwise limit counsel for Mr. Salinas-Ibarra to question Mr. Fonzi regarding bias issues.

**IT IS SO ORDERED.**

Dated: May 17, 2018

_____
BETH LABSON FREEMAN
United States District Judge