1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

UBELINO SALINAS-IBARRA,

          Plaintiff,

      v.

JAMIE ELLIS,

          Defendant.

Case No. 17-cv-01137-BLF

**ORDER GRANTING PLAINTIFF'S REQUEST TO DENY DEFENDANT'S APPLICATION TO TAX COSTS**

Plaintiff Ubelino Salinas-Ibarra ("Mr. Salinas-Ibarra") initiated this action against Santa Clara Police Officer Jamie Ellis ("Officer Ellis") alleging claims under Title VII of the Civil Rights Act of 1964 for excessive force, unlawful detention, and unlawful arrest. *See* ECF 1. The Court granted Officer Ellis's motion for summary judgment on the wrongful detention claim, but denied summary judgment as to the excessive force and unlawful arrest claims. ECF 31. The Court determined that several disputed factual issues existed that only a jury could resolve. A jury trial commenced on June 1, 2018. ECF 51.

Officer Ellis prevailed at trial, with the jury determining that Mr. Salinas-Ibarra was not wrongfully arrested and Officer Ellis did not use excessive force. ECF 56. Judgment was entered in favor of Officer Ellis and against Mr. Salinas-Ibarra on June 7, 2018. ECF 57. As the prevailing party, Officer Ellis submitted a bill of costs totaling $6,518.79. ECF 60-1. The Clerk taxed costs in the amount of $3,215.04. ECF 65.

1    Mr. Salinas-Ibarra objects to the cost bill that was taxed against him. ECF 61. He requests

2    that the Court exercise its discretion under Federal Rule of Civil Procedure 54(d) and deny any

3    costs to Officer Ellis. *Id.* In his motion, Mr. Salinas-Ibarra argues that his claims were not

4    frivolous, and submits evidence that he is indigent and unable to pay the requested amount. *Id.*

5    Officer Ellis opposes. ECF 63. The court finds this matter appropriate for resolution without oral

6    argument. *See* Civ. L.R. 7-1(b). Having considered the parties' submissions, the Court GRANTS

7    Mr. Salinas-Ibarra's motion and DECLINES to award costs for the reasons stated herein.

8    **I.    LEGAL STANDARD**

9    Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal

10   statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should

11   be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a

12   presumption in favor of awarding costs to a prevailing party, but vests in the district court

13   discretion to refuse to award costs." *Ass'n of Mexican Am. Educators v. California,* 231 F.3d 572,

14   591 (9th Cir.2000) (citing *National Info. Servs., Inc. v. TRW, Inc.,* 51 F.3d 1470, 1471 (9th

15   Cir.1995)). But the Court's discretion is not unlimited; it must "specify reasons" for

16   denying costs. *Id.* at 591–92 (citing *Subscription Television, Inc. v. Southern Cal. Theater Owners

17   Ass'n,* 576 F.2d 230, 234 (9th Cir. 1978)).

18   One reason for denying costs has been a non-prevailing party's limited financial

19   resources. *See National Org. for Women v. Bank of California,* 680 F.2d 1291, 1294 (9th Cir.

20   1982); *see also Wrighten v. Metropolitan Hosps., Inc.,* 726 F.2d 1346, 1358 (9th Cir.

21   1984); *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 486 (9th Cir. 1983). Indeed, and

22   especially in civil rights cases, "[i]ndigency is a factor that the district court may properly consider

23   in deciding whether to award costs." *Stanley v. Univ. of Southern California,* 178 F.3d 1069,

24   1079–80 (9th Cir. 1999) (citing *National Org. for Women v. Bank of California,* 680 F.2d at 1294

25   (9th Cir. 1982)).

26   **II.    DISCUSSION**

27   There is no dispute that Officer Ellis is the prevailing party pursuant to Federal Rule of

28   Civil Procedure 54(d). Mr. Salinas-Ibarra argues that the Court should decline to tax costs due to

2

1    his limited financial resources and the chilling effect that imposing costs on losing civil rights

2    plaintiffs of modest means may have on future civil rights litigation.  *See* ECF 61 at 1-2.

3        The Ninth Circuit has recognized the following as appropriate reasons for denying costs:

4    "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in

5    the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial

6    resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms,*

7    *Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014).  This list is not "exhaustive ... of good reasons for

8    declining to award costs, but rather a starting point for analysis." *Id.* at 1248.

9        The parties do not address whether Mr. Salinas-Ibarra's case involved issues of substantial

10    public importance.  Relevant law indicates that this factor weighs in favor of denying costs in

11    similar cases.  This case involved whether an officer of the Santa Clara Police Department used

12    excessive force and unlawfully arrested Mr. Salinas-Ibarra after ordering Mr. Salinas-Ibarra out of

13    his own home following a 911-call.  In determining whether to deny costs, courts in this district

14    have explained that a case is considered to be of substantial importance "when the claims involved

15    are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation

16    have ramifications beyond the parties and concerns immediately involved in the litigation." *Ayala*

17    *v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *3 (N.D. Cal. Dec. 14, 2011);

18    *Hunter v. City & Cty. of San Francisco*, No. 11-CV-4911 JSC, 2013 WL 6088409, at *4 (N.D.

19    Cal. Nov. 19, 2013).  Although the jury ultimately sided with Officer Ellis, Mr. Salinas-Ibarra's

20    claims raised important issues about police conduct and excessive force while responding to a

21    dangerous situation—namely, a 911-call from a suspect's home in the middle of the night.

22        With respect to the closeness and difficulty of the issues in the case, the Court agrees with

23    Mr. Salinas-Ibarra that his claims were not without merit.  The Court denied summary judgment

24    on two of Mr. Salinas-Ibarra's three causes of action due to genuine disputes of material fact in the

25    record.  Each side presented conflicting witness testimony at trial, and the jury ultimately had to

26    evaluate the evidence in coming to their determination in favor of Officer Ellis.  Accordingly, this

27    factor also weighs in favor of denying costs.

28        The Court also finds that awarding $3,215.04 in costs could have a chilling effect on

3

1  similar civil rights actions in the future.  The Ninth Circuit has held that it is an abuse of discretion

2  to fail to consider this chilling effect on civil rights litigants when determining whether to tax

3  costs.  *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-1080 (9th Cir. 1999).

4  Other courts in this district have similarly held that a cost award of similar amounts may have a

5  chilling effect on future civil rights litigation.  *See Moujaes v. San Francisco City & Cty.*, No. 15-

6  CV-03129-DMR, 2017 WL 1540732, at *3–4 (N.D. Cal. Apr. 28, 2017) (declining to award costs

7  in the amount of $3,517.25).  This factor therefore also weighs in favor of denying costs.

8        The Court has also specifically considered Mr. Salinas-Ibarra's financial resources

9  compared to the $3,215.04 amount taxed by the Clerk.  *Stanley*, 178 F.3d at 1079.  "Whether the

10  financial resources in question are of a sufficient level to deny an award of costs can be inferred

11  from the economic circumstances of the plaintiff." *Ayala*, 2011 WL 6217298, at *2.  In his

12  declaration, Mr. Salinas-Ibarra claims that he cannot afford to pay the bill of costs because he

13  makes $28.00/hour working two to three days per week.  *See* Salinas-Ibarra Decl. ¶ 3, ECF 61-1.

14  Mr. Salinas-Ibarra testifies that he and his wife live month-to-month from their incomes, with all

15  of Mr. Salinas-Ibarra's income going toward rent, food, and bills.  *Id.*  Given his limited financial

16  resources, the Court finds Mr. Salinas-Ibarra's argument compelling and weighs in favor of

17  denying costs.

18        As the parties did not put forth any arguments regarding the economic disparity between

19  the parties, the Court declines to address this factor here.  Officer Ellis points out that the Court

20  should consider more than Mr. Salinas-Ibarra's claim of indigence.  ECF 63.  As discussed above,

21  the Court has done so, and finds that there are several reasons to support deviating from the

22  normal practice of awarding costs to the prevailing party.

23        For the foregoing reasons, Mr. Salinas-Ibarra's request for the Court to exercise its

24  discretion to deny costs is GRANTED.  The Court DECLINES to award costs.

25        **IT IS SO ORDERED.**

26  Dated: August 2, 2018

27  _____

28  BETH LABSON FREEMAN
   United States District Judge

4